**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MENGHE ZHANG,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," ET AL.,<br><br>Defendants. | Case No. 1:26−cv−07495<br><br>Honorable John J. Tharp, Jr. |

**JOINT STATUS REPORT**

Plaintiff and Non-Party Amazon.com, Inc. ("Amazon") hereby submit this joint status report pursuant to the Court's October 5, 2026 Minute Entry, Dkt. No. 46. The parties report on the status of any investigation and any rulings in the case before Judge Kennelly (Case No. 26-cv-5593).

**AMAZON'S POSITION**:

On October 2, 2026, Amazon filed a Motion for Temporary Stay of Enforcement of Transfer Order ("Motion to Stay") in the present action based on patterns suggesting that certain Schedule A plaintiffs and defendants may be colluding to obtain transfer orders that release funds Amazon had already frozen for independent enforcement reasons unrelated to the claims asserted [Dkt. No. 44]. Amazon raised similar concerns in a motion to stay in *NextClimb Investments, LLC v. The Partnerships and Unincorporated Associations Identified on Schedule "A,"* No. 26-cv-5593, before Judge Kennelly (the "NextClimb Litigation"). Amazon subsequently filed a supplement to its motion to stay in the NextClimb Litigation which provides additional facts which shed light on

a potential explanation for the circumstances identified in the motion to stay. [NextClimb Litigation, Dkt. No. 62]. Specifically, publicly available Chinese-language social media posts and videos show that there is a China-based service provider who uses U.S. litigation (and specifically, Northern District of Illinois litigation) to secure court-ordered transfer orders to allow seller-defendants to obtain the release of Amazon seller funds that could otherwise not be recovered. Judge Kennelly held a status hearing in the NextClimb Litigation on October 28, 2026, and entered an Order granting Amazon's motion to stay in that case pending an evidentiary hearing which will take place on December 9, 2026 [NextClimb Litigation, Dkt. No. 70].

Given the volume of cases in which Amazon has uncovered similar issues and the number of defendants in each case (some involving approximately 100 defendants), Amazon's investigation into the facts of the present case is ongoing. To date, Amazon's investigation has revealed certain patterns in some cases (including Schedule A cases) that give Amazon cause to suspect that there is an effort being made to extract funds from Amazon accounts that had previously been frozen for unrelated reasons. For example, in this case Amazon's preliminary investigation indicates that 136 of the 147 Defendant-accounts were blocked and the funds therein were frozen prior to the filing of the Complaint, and all 147 Defendant-accounts are currently blocked and the funds therein are currently frozen. Additionally, a number of individuals located overseas and purportedly connected with the online marketplace accounts identified in the Complaint signed waivers of service, and then purportedly reached a settlement agreement with Plaintiff. Other Defendants appear to have been served through electronic service on August 11, 2026 [Dkt. No. 26]. Eight days later, on August 19, 2026, Plaintiff filed a motion reporting that Plaintiff had reached settlement agreements with fifty-three of the Defendants [Dkt. No. 30]. None

of the settling Defendants, however, appeared in the case, and therefore, the settlements were self-reported by the Plaintiff. Other Defendants failed to appear and were defaulted.

Another "red flag" that Amazon has noticed in certain cases is a mismatch between the nature of the product that the Plaintiff allegedly sells and the nature of the product that the Defendants purport to sell. When the type of product the plaintiff is selling is not similar to the type of product that the defendants are selling, it raises questions about whether there is a genuine trademark infringement claim in the first place, since the trademarks at issue often cover a limited category of products. For example, in this case, the Complaint alleges that the Plaintiff sells laptop cooling pads and alleges that the Defendants are selling counterfeit laptop cooling pads bearing Plaintiff's trademark. Amazon's preliminary investigation indicates that, of the 138 Defendant-sellers for which Amazon's records reflect a product description, none of those 138 Defendant-sellers appear to have sold laptop cooling pads.[1] For example, one of the Defendant accounts was selling hearing aids, another was selling glass water pitchers, another was selling dresses, another was selling fish aquarium powder, another was selling diaper bags, another was selling an electric model train kit, etc.

In some instances, plaintiffs have submitted screenshots that purport to depict purchases of infringing products by consumers in the Northern District of Illinois. In other cases, it appears that some of the screenshots are not genuine. Exhibit 2 to the Complaint in this case appears to identify Defendants' Amazon marketplace accounts and another document filed in the case purports to contain infringement evidence [Dkt. No. 10], but both are filed under seal, such that Amazon does not currently have access to those documents to compare the information therein to its records.

[1] Amazon is continuing to investigate the 9 Defendant-seller accounts that appear not to have a product description.

Amazon began filing Motions to Stay substantially similar to the one in this case on September 30, 2026, including in *Chen v. The Partnerships and Unincorporated Associations Identified on Schedule A* (Case No. 26-cv-05339) [Dkt. No. 36]. Counsel for Plaintiff in this case, is also counsel for the plaintiff in the *Chen* case (26-cv-05339), and therefore, was notified of the September 30, 2026 Motion to Stay filed in the *Chen* case. In this case, Plaintiff filed a Notice of Voluntary Dismissal on October 1, 2026 [Dkt. No. 37] and a Satisfaction of Judgment on October 2, 2026 [Dkt. No. 40], which claims that the monetary judgment in this case is "fully satisfied" despite the fact that Amazon has not transferred the funds called for in the transfer orders in this case that are the subject of the Motion to Stay [Dkt Nos. 21 and 30]. The satisfaction of a judgment from funds other than the e-commerce account of the defendants in a Schedule A case is unusual and is inconsistent with the premise of a Schedule A case, which is that the funds in the seller's e-commerce account are often the only funds that the plaintiff will be able to recover.

Amazon understands that the Court may require additional details regarding the specific circumstances of the present case and is working diligently to gather those details. Although the facts of the present action are different than the facts in the NextClimb Litigation, the issues and patterns are substantially similar. Accordingly, Amazon's position is that the evidentiary hearing scheduled in the NextClimb Litigation on December 9, 2026, should proceed before any hearing on Amazon's Motion to Stay in the present action, and that Amazon shall provide a status report to the Court regarding any ruling in the NextClimb Litigation after such evidentiary hearing, and regarding proposed next steps in the instant matter.

Amazon provided a draft of this report to Plaintiff's counsel on October 30, 2026. On November 2, 2026, Plaintiff's counsel indicated that Plaintiff does not object to Amazon's position that any hearing in the instant matter on Amazon's motion to stay should occur after the evidentiary

hearing in the NextClimb Litigation. Other than confirming that Plaintiff has no objection to the proposed timing of a hearing on the Motion to Stay, Plaintiff did not provide Amazon with its position.

**PLAINTIFF'S POSITION**:

Dated: November 2, 2026

Respectfully submitted,

*/s/ Qin Zhuang*
Qin Zhuang
870 Sunset Ave, Haworth, NJ 07641
201-905-4195
zhuangqin@zhuangip.com

*Counsel for Plaintiff*

*/s/ Matthew R. Barrett*
**KILPATRICK TOWNSEND & STOCKTON LLP**
Thomas L. Holt
Jeremy Buxbaum
Matthew R. Barrett
500 West Madison Street, Suite 3700
Chicago, Illinois 60661
Telephone: (312) 606-3204
Telephone: (312) 268-1705
Email: tholt@ktslaw.com
Email: jbuxbaum@ktslaw.com
Email: mbarrett@ktslaw.com

*Attorneys for Non-Party Amazon.com, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

By: */s/ Matthew R. Barrett*
Matthew R. Barrett